IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 09-cv-00851-ZLW-CBS

MICHAEL A. LAPORTE,

      Plaintiff,

v.

DAVID A. POPE,

      Defendant.

_____

ORDER
_____

      The matter before the Court is Defendant's Motion To Dismiss Pursuant To Fed.
R. Civ. P. 12(b)(6) (Doc. No. 3).  The Court has determined that the motion can be
resolved on the papers without a hearing.  Defendant also has included an Answer to
the Complaint within the same document as the present motion.

      A complaint will withstand a Rule 12(b)(6) motion to dismiss if its allegations are
sufficient to state a claim for relief that is plausible on its face.[1]  The Court does not
consider evidence or allegations outside of the four corners of the complaint on a Rule
12(b)(6) motion.[2]  However, if a party does submit evidence outside of the complaint on

_____

[1]See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

[2]See Jackson v. Integra, Inc., 952 F.2d 1260, 1261 (10th Cir. 1991).

a Rule 12(b)(6) motion, the Court has discretion to convert the motion to one for summary judgment, with notice to the parties.[3]

Here, Defendant's motion is premised upon factual assertions outside of Plaintiff's Complaint.  However, the Court declines to treat the motion as one for summary judgment, since most of the facts asserted in Defendant's brief are not supported by any submitted admissible evidence.[4]  To the extent that Defendant is relying upon statements or actions by Debra Williams, or any other witness, Defendant should have filed a sworn affidavit executed by that witness setting forth the relevant evidence, based on personal knowledge.[5]  Any documents referred to in an affidavit must be presented in the form of a sworn or certified copy.[6]  The Court additionally notes that Defendant's motion fails to cite to any legal authority whatsoever.  Defendant may file a summary judgment motion pursuant to Fed. R. Civ. P. 56, designated as such, which attaches admissible evidence in support of each assertion of material fact and which cites to and discusses appropriate supporting legal authority.

Additionally, there is no certificate of service attached to Defendant's motion. Defendant did file a certificate of service as a separate document; however, that certificate does not identify the document that apparently was served.[7]  Defendant also

---

[3] See Fed. R. Civ. P. 12(c); Price v. Philpot, 420 F.3d 1158, 1167 (10th Cir. 2005).

[4] See e.g. Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6) ¶¶ 2-8, 14-17.

[5] See Fed. R. Civ. P. 56(e)(1).

[6] See id.

[7] See Doc. No. 4.

2

failed to comply with D.C.COLO.LCivR 5.1F. (certificate of service must include the name and address to whom the filing was sent and the manner of service, including email address if applicable).

Accordingly, it is

ORDERED that Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6) (Doc. No. 3) is denied.  It is

FURTHER ORDERED that, for purposes of clarity on the Court's docket, Defendant's Answer (contained in Doc. No. 3 at pages 5-6), is stricken, and Defendant shall re-file his Answer as a separate document.  It is

FURTHER ORDERED that, in the future, Defendant shall comply with D.C.COLO.LCivR 5.1F. (certificate of service must include the name and address to whom the filing was sent and the manner of service, including email address if applicable), and the certificate of service shall be attached to and specifically identify the document to which it pertains.

DATED at Denver, Colorado this 22nd day of April, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

3