IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00851-MEH-CBS

MICHAEL A. LAPORTE,

    Plaintiff,

v.

DAVID A. POPE,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a United States Magistrate Judge, and the case was reassigned to this Court. "Any federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding . . . ." *Harris v. Illinois-Cali. Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982). The Federal Rules of Civil Procedure make clear that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). After review of the record and discussion at the Scheduling Conference held June 30, 2009, the Court concludes it lacks subject matter jurisdiction and therefore **REMANDS** this case to the 14th Judicial District Court for Grand County, Colorado.

**I.**    **Background**

Plaintiff filed his complaint in the 14th Judicial District Court for Grand County, Colorado on February 10, 2009, alleging Defendant owes Plaintiff payments pursuant to a Promissory Note. (*See* docket #1.) In his complaint, Plaintiff's request for relief seeks $67,000 in addition to late fees,

collection costs including attorney's fees, and accrued interest. (*Id*. at 3.) The Note itself provides for collection costs, stating "[i]f Lender prevails in a lawsuit to collect on this note, Borrower will pay Lender's costs and lawyer's fees in an amount the court finds to be reasonable." (*Id*. at 5.)

Defendant removed this case to federal court on April 13, 2009, asserting diversity jurisdiction pursuant to an amount in controversy exceeding $368,000 and diversity of citizenship between Plaintiff, a citizen of the State of Colorado, and Defendant, a citizen of the State of Wyoming. (*Id*. at 1.) Defendant provided no affidavits or other evidentiary material in support of the $368,000 claim; he simply stated this contention on the civil cover sheet and in the notice of removal. (*Id.* at 1; docket #1-2.) To date, Defendant has not submitted any counterclaims against Plaintiff.

## II.   Legal Standard

"The courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998). The presumption is therefore "against removal jurisdiction." *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). As the party invoking federal court jurisdiction, Defendant bears the burden of establishing that the requirements of diversity jurisdiction are present by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 954-55 (10th Cir. 2008). "The defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it *possible* that $75,000 [is] in play." *Id*. at 955 (emphasis in original).

## III.   Analysis

In this matter, Defendant failed to describe any facts at all to prove his assertion that the actual amount in controversy is $368,000. (*See* docket #1.) As stated in this District, a defendant

may independently establish the amount in controversy, including where, as here, attorneys fees are claimed: "*McPhail* would seem to suggest that a defendant could tender an affidavit from its own experts as to the probable costs of litigation and amount of attorney's fees that could reasonably be expected to be awarded in a case of this type that is litigated to judgment." *Tafoya v. American Family Mut. Ins. Co.*, No. 08-cv-01656-MSK-MEH, 2009 WL 211661, at *2 n.5 (D. Colo. Jan. 28, 2009) (citing 529 F.3d at 954).  Again, Defendant included no factual allegations or evidentiary materials with its Notice of Removal, which merely states the action involves "an amount in controversy exceeding $368,000.00, exclusive of interest and costs . . . ." (Docket #1 at 1.)

In a removed case, a defendant's claim that the amount in controversy meets the jurisdictional requirement of section 1332 does not enjoy a presumption of accuracy. *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1289 (10th Cir. 2001).  The amount in controversy is determined by the allegations of the complaint or, if the complaint is not dispositive, by the allegations in the notice of removal. *Id.* at 1290.  "Where a plaintiff has not instituted suit in federal court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . .'" *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)); *Holladay v. Kone, Inc.*, 606 F. Supp. 2d 1296, 1298 (D. Colo. 2009).  On the record during the June 30, 2009, Scheduling Conference, Plaintiff stated he seeks approximately $71,000 total.  Without any supportive factual allegations offered by Defendant, and in consideration of the face of Plaintiff's complaint specifically requesting an amount less than $75,000, the Court finds Defendant's conclusive assertions of $368,000 as the amount at issue in this matter fail to meet Defendant's burden of proving the requisite amount in controversy by a preponderance of the evidence.

Accordingly, the Court REMANDS this matter to the 14th Judicial District Court for Grand County, Colorado for further proceedings.

Dated in Denver, Colorado, this 1st day of July, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge